Deaderick, J.,
delivered the opinion of the court.
On the 7th of May, 1861, the complainant filed his bill in the Common Law and Chancery Court of the city of Memphis, to enforce his mechanic’s lien. The bill was not sworn to, nor was any attachment prayed for or issued, and for this reason the defendant demurred. No other steps seem to have been taken until September, 1865, when an amended bill was filed, praying an attachment to be issued and levied upon a certain lot of land upon which complainant, as a mechanic, had erected buildings for defendant, and that the same should be sold for the payment of the debts due to complainant, and for general relief. Attachment was issued and levied on the lot, and defendant having been served with process, and failing to answer at November Term, 1865, a judgment pro con-fesso was taken against him, and a sale of the lot ordered to satisfy the balance due upon the notes filed by complainant. At a subsequent day of the term, on application of the defendant, the judgment pro confesso and decree of sale were set aside, and the defendant was allowed to answer. In his answer respondent admits the contract as charged in the bill and amended bill, but claim- that he is entitled to a credit (for defective workmanship) on his notes of a sum greater than the balance claimed by complainant, and prays that his answer be taken as a cross bill. To this bill complainant filed an answer denying its allegations and *337 praying for a decree as in said bills he had prayed. In October, 1868, the Chancellor directed the master to hear proof and report to the next term what abatement of the price should be made in consequence of the defective construction of the buildings, and adjudged that the weight of proof taken showed that defendant was entitled to some abatement. The master reported, March 30, 1869, that the parties had produced some evidence, but not sufficient to enable him to make the report ordered, and in July thereafter the order of reference was revived. September 30, 1869, the master reported that after appointing a day for taking the account, and notifying the solicitors on both sides, no further proof was adduced, and he thereupon proceeded to state the account between the parties, allowing defendant ten dollars for defective materials, and showing a balance due to complainant at that date of $993.83. On the 23rd of November, 1869, the report, not being excepted to, was in all things confirmed, a decree was rendered for the balance found due complainant by said report, and the lot ordered to be sold for its satisfaction if it was not paid within one hundred days, and from this decree defendant appealed.
Conceding that the mechanic’s lien can only be preserved and enforced by attachment issued and levied within the time prescribed by law, and that the original bill was demurrable for the defects alleged, yet it does not follow that the complainant may not have relief upon his amended bill. We are of opinion that the demurrer to the original bill ought to have been sustained, and that the *338 amended bill was likewise demurrable, but no demurrer was taken to it, and under our statute the Chancery Court properly retained jurisdiction and gave the relief appropriate to the case made.
The- complainant had done work in building houses for the defendant, and held his notes for the unpaid balance due him. He sought the satisfaction of his debts by praying an attachment to issue and be levied upon specific property. No exception was taken by defendant to the issuance and levy of the attachment by plea in abatement or otherwise, or to the jurisdiction of the court. He submitted to answer, and made an issue upon the merits of his claim, and when the account, which he prayed might be taken, was reported against him, he failed to except thereto, and it was of course confirmed.
We do not think there is any error in the Chancellor’s decree upon the amended bill of which defendant can complain, and affirm it. The costs of the original bill will however be paid by the complainant, .and the balance of the costs by defendant.